UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GERALD SULLIVAN, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil No. 19-10099-LTS |
| STEVEN KENNEWAY, | ) ) ) | |
| Respondent. | ) ) ) | |

ORDER ON MOTION TO DISMISS (DOC. NO. 18)

May 13, 2019

SOROKIN, J.

Gerald Sullivan, an inmate at the Massachusetts Correctional Institution in Shirley, Massachusetts, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent has moved to dismiss the petition, arguing it presents claims that Sullivan has not exhausted in state court. Doc. Nos. 18, 19.[1] For the reasons that follow, the motion to dismiss is DENIED.

I.  BACKGROUND

On June 25, 2013, after a jury trial in Middlesex County Superior Court, Sullivan was convicted of first-degree felony-murder, armed home invasion, and related charges. Doc. No. 1 at 2; Commonwealth v. Sullivan, 85 N.E.3d 934, 940 (Mass. 2017). The charges stemmed from the shooting of a father and son in February 2011 during a nighttime robbery of their home by two masked men. Sullivan, 85 N.E.3d at 938-39. The son died; the father, miraculously,

---

[1] Citations to items appearing on the Court's electronic docket ("Doc. No. __ at __") reference the document and page numbers assigned by ECF.

survived. Id. Sullivan was identified as one of the perpetrators based largely on DNA evidence tying him to evidence recovered at the scene, including a mask, other clothing, and items used by a victim to defend himself. Id. He received a mandatory life sentence on the murder charge. Doc. No. 1 at 1.

Sullivan filed a timely appeal. S.A. at 12.[2] Thereafter, the prosecutor notified Sullivan's counsel that a crime laboratory technician who had been involved in Sullivan's case had failed various proficiency tests. Sullivan, 85 N.E.3d at 940. This revelation was fodder for a post-trial motion in state court challenging Sullivan's conviction. Id. The Supreme Judicial Court ("SJC") stayed Sullivan's appeal to permit litigation of the post-conviction motion. Id. After a Superior Court judge denied that motion in June 2016, the SJC consolidated Sullivan's appeal from that denial with his direct appeal. Id.

In his consolidated appeal, Sullivan presented the following challenges: 1) "the evidence was insufficient to support his convictions because the Commonwealth did not prove that he was armed when he entered the victims' apartment"; 2) "testimony that DNA taken from items found at the crime scene matched his DNA profile in [a national] database was inadmissible hearsay"; 3) the same testimony violated "his right to confrontation"; and 4) "the [Superior Court] judge erred in denying his motion for a new trial on the ground that evidence of a State police criminalist's failure to meet proficiency standards was exculpatory," and Sullivan "was prejudiced by his inability to challenge the criminalist's qualifications or to use the evidence to bolster a Bowden defense."[3] Id. at 940, 945; see S.A. at 130, 228, 231. Sullivan also asked the

---

[2] The respondent has filed a Supplemental Answer ("S.A.") containing the state-court record in two bound volumes. See Doc. No. 17 (listing contents).
[3] Under Commonwealth v. Bowden, 399 N.E.2d 482, 486 (Mass. 1980), a defendant may argue, and a jury may find, that a reasonable doubt exists based on "[t]he fact that . . . certain police procedures [were] not followed."

SJC to "exercise [its] extraordinary power" to "order a new trial or reduce his murder conviction to murder in the second degree." Sullivan, 85 N.E.3d at 948-49; S.A. at 130.

Despite finding errors in Sullivan's trial, the SJC found no prejudice arising from them, and it rejected each of Sullivan's claims in a November 16, 2017 decision. Sullivan, 85 N.E.3d at 938. In his timely pro se federal habeas petition, Sullivan identifies the following grounds for relief: 1) the evidence was insufficient to prove that he committed a qualifying felony as a predicate for the felony-murder conviction; 2) the trial court erred in admitting prejudicial hearsay testimony about a match between DNA evidence collected at the crime scene and a profile contained in a national DNA database; 3) Sullivan's rights under the Confrontation Clause were violated by the admission of the same testimony about the national DNA database; 4) Sullivan's conviction should be reduced to second-degree murder under a state statute; 5) evidence withheld by the prosecution would have contradicted the testimony of one of its experts about his qualifications; 6) the withheld evidence was in the possession of the prosecution team at the time of trial, rendering its withholding a violation of Brady v. Maryland, 373 U.S. 83 (1983); 7) the withheld evidence was exculpatory and would have supported a Bowden defense; 8) Sullivan was prejudiced by the withholding of evidence about the expert's qualifications; and 9) the withheld evidence included exculpatory and material information about the expert's documented errors in other cases. Doc. No. 1 at 8, 10-11, 13-20.

The respondent moved to dismiss Sullivan's petition on the basis that Grounds 5, 7, 8, and 9 above were not fairly presented to the SJC and, thus, are unexhausted. Doc. No. 19 at 7-9. Sullivan has not opposed the motion, but that does not absolve this Court of its duty to review the substance of the respondent's request and consider whether the relief sought is appropriate. It is to that task the Court now turns.

## II. DISCUSSION

### A. Legal Standards

A state prisoner is not entitled to habeas relief in federal court unless he has first exhausted his available remedies in state court. 28 U.S.C. § 2254(b); O'Sullivan v. Boerkel, 526 U.S. 838, 839 (1999); Mele v. Fitchburg Dist. Ct., 850 F.2d 817, 819 (1st Cir. 1988). To satisfy this requirement, a petitioner must complete the state's established appellate review process, thereby giving "the state courts one full opportunity to resolve any constitutional issues." O'Sullivan, 526 U.S. at 839; accord Mele, 850 F.2d at 819. A habeas petitioner must "show that he fairly and recognizably presented to the state courts the factual and the legal bases of [his] federal claim." Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997).

In Massachusetts, a petitioner must present his claims to the SJC before asking a federal habeas court to consider them. Mele, 850 F.2d at 820, 823. "[A]n appealed issue cannot be considered as having been fairly presented to the SJC for exhaustion purposes unless the applicant has raised it within the four corners of" his brief to the SJC. Id. at 823; see Silvia v. Hall, 193 F. Supp. 2d 305, 311 (D. Mass. 2002) (finding issues were fairly presented to the SJC where they were discussed in the text of the fact and argument sections of the SJC petition, though not listed among the "issues for further appellate review").

A "mixed petition," which pairs unexhausted claims with other constitutional questions that have been fairly presented to every level of the state courts, is subject to dismissal unless the petitioner elects to abandon his unexhausted claims. DeLong v. Dickhaut, 715 F.3d 382, 386 (1st Cir. 2013); accord Rose v. Lundy, 455 U.S. 509, 522 (1982).

4

B.　Exhaustion Analysis

The respondent urges dismissal of Sullivan's entire federal petition—despite acknowledging that pro se submissions must be construed liberally, and that the First Circuit takes a "fairly generous" view of what it means to fairly present a claim in state court—on the ground that he reads four of Sullivan's claims involving the withholding of evidence by the prosecution as "materially broader than the claim he originally presented to the SJC." Doc. No. 19 at 7 (quotation marks omitted). This argument is borderline frivolous.

A straightforward comparison of the narratives in Grounds 5 through 9 of Sullivan's petition with the text of the Argument section in his Supplemental Brief to the SJC confirms that Sullivan's last five claims here are entirely derived from—and, for the most part, identical to—the various components of the overarching challenge his appellate counsel advanced to the SJC. Compare Doc. No. 1 at 14-20, with S.A. at 237-52. On this record, it is difficult to conceive of a basis for the respondent's assertion that Sullivan's petition "do[es] not mirror the claims as they were presented in the SJC." Doc. No. 19 at 7.

That Sullivan has broken one broad claim of error into five separate "Grounds" in his pro se petition does not alter the obvious fact that his federal petition repeats the exact same challenge, with all of the same factual and legal underpinnings, that was fairly presented in state court. It is reasonable, in these circumstances, to construe Sullivan's petition as truly presenting only five claims, treating Grounds 5 through 9 as expressing related components of one distinct claim. It is grossly unreasonable, however, to suggest that dismissal is warranted simply because a pro se petitioner relied on the subheadings in his counseled appellate brief as a means of

organizing his claims in this Court—claims which not only "mirror," but are essentially copied verbatim from, his state-court brief.[4]

III. CONCLUSION

The motion to dismiss (Doc. No. 18) is DENIED. The following briefing schedule will govern proceedings regarding the merits of Sullivan's federal claims:

1) <u>Sullivan shall file a brief addressing the merits of his claims no later than June 12, 2019</u>.

2) The respondent shall file a brief addressing the merits of Sullivan's claims within thirty days of receiving Sullivan's brief.

3) If Sullivan wishes to file a reply, he may do so within fourteen days of receiving the respondent's brief, <u>with any reply limited to five pages</u>.

                                        SO ORDERED.

                                        /s/ Leo T. Sorokin
                                        United States District Judge

---

[4] A nonfrivolous exhaustion argument the respondent could have made, but did not, is that Sullivan arguably has not exhausted a <u>federal</u> claim related to Ground 4, which reiterates his request to the SJC that the degree of his murder conviction should be reduced for essentially equitable reasons under Mass. Gen. Laws ch. 278, § 33E. The Court will consider at the merits stage whether Ground 4 presents a cognizable habeas claim, or is more properly viewed as a non-cognizable challenge arising entirely under state law.